UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH,[1]<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | No. 1:20-cv-00435-DAD-SKO<br><br>ORDER APPROVING CONSENT DECREE<br><br>(Doc. No. 17) |

This matter is before the court on the parties' joint stipulation to enter the proposed consent decree, filed on May 20, 2021. (Doc. No. 17.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court takes this matter under submission to be decided on the papers. *See* L.R. 230(g). For the reasons set forth below, the court will grant the parties' joint request and approve the consent decree.

This suit arises from a complaint for damages and injunctive relief pursuant to § 11(c) of the Occupational Safety and Health Act of 1970, as amended, 29 U.S.C. §§ 651–78 ("OSHA"). (Doc. No. 1.) Plaintiff is the United States Secretary of Labor. (*Id*. at ¶ 1.) Defendant United States Postal Service ("defendant") operates a facility located in Modesto, California. (*Id*. at ¶ 3.)

---

[1] This action was originally filed with the caption *Eugene Scalia v. United States Postal Service*. Secretary Martin J. Walsh was sworn in as Secretary of the Department of Labor on March 23, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), the case caption has been changed to reflect Secretary Walsh's designation.

1

On March 25, 2020, plaintiff filed a complaint in this action, alleging that defendant had discriminated against former employee Gaurav Mehra in violation of § 11(c)(1) of OSHA, 29 U.S.C. § 660(c)(1) by dismissing Mr. Mehra from employment after he suffered an injury at work and filed a workers' compensation claim. (*Id.* at ¶¶ 5, 8, 11.) On June 19, 2020, plaintiff filed a first amended complaint asserting the same substantive allegations. (Doc. No. 11 at ¶¶ 5, 8, 11.)

On August 11, 2020, the parties filed a joint scheduling report noting that settlement discussions were ongoing. (Doc. No. 15 at ¶ 10.) On May 20, 2021, the parties filed the pending stipulation and proposed consent decree. (Doc. No. 17.)

As part of the proposed consent decree, defendant is required to refrain from discriminating against any employee because the employee exercised any right under OSHA on behalf of himself or others, including filing a claim, complaint, or any proceeding under OSHA or testifying in such a proceeding. (Doc. No. 17 at 2.) Defendant must post permanent or as long as required by law at all current and future locations the "OSHA Fact Sheet, Filing Whistleblower Complaints under Section 11(c) of the OSH Act of 1970." (*Id.* at ¶ 4; Doc. No. 17-4.) No later than ninety days after entry of this order, defendant must provide a one-hour training on § 11(c) duties over the Zoom video conference platform to all supervisors, managers, Postmasters, and Labor Relations Specialists who work at the Modesto Post Office, those employees who advise managers in Modesto regarding removal actions, and all management involved in this action. (Doc. No. 17 at ¶ 5.) The proposed consent decree also requires that during annual trainings, management officials from every station of the Modesto Post Office must provide "a stand-up talk to all of their craft employees" based upon a script to be agreed upon by both parties. (*Id.* at ¶ 6.) Within ninety days of the entry of this order, defendant must send an email containing the notice of rights and responsibilities under § 11(c)(1) of OSHA to all management officials in the Sacramento District as defined by Appendix A. (*Id.* at ¶ 7; Doc. Nos. 17-1, 17-2.) The email must also include PS Form 1767, used to report hazards or unsafe conditions or practices, as well as the OSHA Fact Sheet, Filing Whistleblower Complaints under Section 11(c) of the OSH Act of 1970. (Doc. Nos. 17 at ¶ 7; 17-3; 17-4.) The email must be sent on an annual basis through

/////

2

2024, and defendant must copy the U.S. Department of Labor's OSHA Whistleblower Protection Program on the emails. (Doc. No. 17 at ¶ 7.)

Additionally, the proposed consent decree provides that defendant will make a payment of $25,000.00 to Guarav Mehra to be paid within forty-five (45) days of the entering of the proposed consent decree. (*Id.* at ¶ 1.) Defendant must expunge any adverse references from Mr. Mehra's personnel records relating to defendant's termination of Mr. Mehra's employment, with the exception of a note stating Mr. Mehra is "not eligible for rehire." (*Id.* at ¶ 2) If a future employer contacts defendant for a reference for Mr. Mehra, defendant shall provide only the dates of employment, job title of the position held, and relevant salary information. (*Id.* at ¶ 3) Defendant will not release any of its employment records regarding Mr. Mehra or discuss the reason for his departure from the USPS without Mr. Mehra's express written permission. (*Id.*) Mr. Mehra will only refer prospective employers to the Human Resource Shared Service Center and shall not contact anyone in the Modesto Post Office or his prior supervisors. (*Id.*) Finally, the proposed consent decree also provides that each party shall bear its own fees and other expenses incurred in connection with any stage of this action. (*Id.* at ¶ 8.)

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Thus, before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws." *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010–14 (9th Cir. 2014). "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members." *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). Where a government agency is involved in the negotiation of the proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts

should pay deference to the agency's judgment.  *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

Given the above, the court concludes this consent decree will provide substantial relief to the parties.  The consent decree as proposed is the product of a fair arms-length negotiation process and is fair, reasonable, and adequate, and not illegal, collusive, or against the public interest.  The negotiation of the proposed consent decree by the government agencies United States Department of Labor and the United States Postal Service further indicate that the proposed consent decree is an appropriate resolution of this case.  *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (finding a presumption in favor of the decree's enforceability where a government agency is involved in the negotiation of a proposed consent decree).

For these reasons:

1. The parties' stipulation and proposed consent decree (Doc. No. 17) is approved; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 8, 2021**

_____
UNITED STATES DISTRICT JUDGE